IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REX A BOSLEY, | ) | CASE NO. 4:18CV2246 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN JEFF NOBEL, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Rex Bosley ("Petitioner" or "Bosley") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Bosley is detained at the Madison Correctional Institution, having pleaded guilty to fifteen counts of pandering obscenity involving a minor and pandering sexually oriented matter involving a minor in the Mahoning County, Ohio, Court of Common Pleas. *State v. Bosley*, Case No. 15CR964 (Mahoning Cty. Common Pleas Ct., filed April 11, 2016). At sentencing, the trial court sentenced Bosley to six months on each count, to be served consecutively, for a total prison term of 7.5 years. Doc. 10-1, p. 125.

On September 5, 2018, Bosley filed his Petition for Writ of Habeas Corpus setting forth one ground for relief. Doc. 1, p. 5. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. As set forth more fully below, Bosley's sole ground for relief is not cognizable, is procedurally defaulted, and fails on the merits. Thus, the undersigned recommends that his Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

### I. Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).

The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

### A.  State Court Action

On November 5, 2015, a Mahoning County Grand Jury issued an indictment charging Bosley with ten counts of pandering obscenity involving a minor (counts 1 through 10), R.C. 2907.321(A)(5)(C), and forty counts of pandering sexually oriented matter involving a minor (counts 11 through 50), R.C. 2907.322(A)(5)(C).  Doc. 10-1, pp. 3-14; *see also State v. Bosley*, 2017 WL 4082803, at *1 (Oh. Ct. App. Sept. 7, 2017).  The counts related to Bosley having downloaded files that contained 51 videos and 97 photographs of child pornography onto his computer.  *Id.*  Bosley, through counsel, pleaded not guilty.

On April 6, 2016, Bosley executed a plea agreement and entered a plea of guilty to counts 1 through 15.  Doc. 10-1, p. 15.  As part of the agreement, the state agreed to dismiss counts 16 through 50 and recommend a term of ten years incarceration and registration as a Tier II sex offender.  Doc. 10-1, pp. 15, 17.  The trial court accepted Bosley's plea and found him guilty.  Doc. 10-1, p. 22.  At sentencing, the trial court sentenced Bosley to six months on each count, to be served consecutively, for a total prison term of 7.5 years, and ordered him to register as a Tier II sex offender.  Doc. 10-1, p. 125.

### B. Direct Appeal

Bosley, through new counsel, filed a notice of appeal in the Seventh District Court of Appeals, Mahoning County.  Doc. 10-1, p. 131.  In his brief, he raised the following assignments of error:

> 1. The trial court erred in imposing consecutive sentences, totaling 7 and ½ years, because the record does not contain any evidence of a pattern of conduct under R.C. 2929.14(C)(4)(b).

> 2. The trial court erred in imposing consecutive sentences, totaling 7 and ½ years, as to offenses that merged as allied offense of similar import.

Doc. 10-1, p. 135.  On September 7, 2017, the Ohio Court of Appeals affirmed the judgment of

the trial court.  Doc. 10-1, pp. 204-213.  Bosley, through counsel, filed a notice of appeal to the

Ohio Supreme Court.  Doc. 10-1, pp. 215-216.  In his memorandum in support of jurisdiction, he

asserted the following propositions of law:

> I. To satisfy R.C. 2929.14(C)(4)(b) in a downloaded child pornography case, the record must establish that a defendant, inter alia, engaged in a "course of conduct" of downloading.

> II. Unless the state demonstrates a separate animus as to each download, a court cannot sentence a defendant consecutively as to multiple files in a computer pornography case.

Doc. 10-1, p. 218.  On March 14, 2018, the Ohio Supreme Court declined to accept jurisdiction

pursuant to S.Ct.Prac.R. 7.08(B)(4).  Doc. 10-1, p. 242.

### C. Motion to Withdraw Guilty Plea

On July 11, 2018, Bosley, pro se, filed a motion to withdraw guilty plea pursuant to Ohio

Crim. R. 32.1 in the Ohio Court of Appeals.  Doc. 10-1, p. 243.  No further action has occurred

with respect to this motion.

### D. Federal Habeas Petition

On September 5, 2018, Bosley, pro se, filed his Petition for a Writ of Habeas Corpus.

Doc. 1.  He listed the following sole ground for relief:

> **Ground One**: Aggrieved by disparity in sentencing scheme contrary to equal protection of the law guaranteed by State and Federal Constitutions.

> **Supporting Facts**: The State of Ohio failed to establish all of the necessary elements required for a pattern of conduct. This was also against accused's due process which should not be barred by res judicata.

Doc. 1, p. 5.  On March 8, 2019, Respondent filed a Return of Writ (Doc. 10) and Bosley filed a

Traverse on May 17, 2019 (Doc. 12).  In the Return of Writ, Respondent argues that Bosley's

sole ground for relief is not cognizable, procedurally defaulted, and fails on the merits.  Doc. 10, pp. 7-11.

## II. Law and Analysis

### A.  Standard of Review under AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies when state remedies are "still available at the time of the federal petition."  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies.  *Id.*

**Procedural Default.** Procedural default may occur in two ways.  *Id.*  First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."  *Id.*  In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner

4

can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.  *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted."  *Id.*  While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.  *Coleman*, 501 U.S. at 750.

**Merits Review.**  In order to obtain habeas relief under 28 U.S.C. § 2254, a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause).  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant a writ if the state court arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, as well as legal principles and standards flowing from Supreme Court precedent. *Id*. at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that

there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

### B. Bosley's sole ground for relief is not cognizable, is procedurally defaulted, and fails on the merits

#### 1. Bosley's ground is not cognizable

Bosley's ground for relief challenges the Ohio "sentencing scheme" under which he was sentenced. Doc. 1, p. 5; Doc. 12, p. 3 ("It has long been my contention that my sentence is contrary to Ohio law..."). He cites the Ohio General Assembly's enactment of R.C. § 2929.11 and R.C. § 2929.22. Doc. 12, p. 3. He contends that Ohio law mandates that sentencing courts look to other jurisdictions to see what punishment was meted out in similar cases prior to sentencing. Doc. 12, pp. 3-4. In support of his assertion that the trial court sentenced him too harshly, he cites five Ohio state cases and four federal cases from the Southern District of Ohio. Doc. 12, pp. 4-5.

Bosley's ground is not cognizable because he is challenging Ohio's sentencing laws and/or the trial court's interpretation of Ohio's sentencing laws. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (an alleged violation of state sentencing laws is not cognizable on federal habeas review, citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).

#### 2. Bosley's ground is procedurally defaulted

Bosley's ground is procedurally defaulted because he never raised this issue as a federal constitutional claim. Instead, he challenged the trial court's interpretation of Ohio's sentencing laws. See Doc. 10-1, pp. 135-146 (brief on direct appeal); pp. 167-184 (attachments of Ohio Revised Code provisions); *see also McMeans*, 228 F.3d at 681 (In order to satisfy the fair

presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987) (a petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law).

To overcome the procedural bar, Bosley must show cause for the default and actual prejudice that resulted from the alleged violation of federal law.  He has not alleged any cause to excuse his procedural default.  As described below, he does not show that he was prejudiced. Finally, Bosley does not show a fundamental miscarriage of justice if the claims are not considered, *Coleman*, 501 U.S. at 750.  To do so he must show that his is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  A claim of actual innocence "requires the petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).  Bosley does not identify any such evidence.  His ground for relief is procedurally defaulted.

### 3. Bosley's ground fails on the merits and his additional arguments are not cognizable and are procedurally defaulted

#### a. Bosley's ground fails on the merits

Bosley's ground for relief also fails on the merits.  The Ohio Court of Appeals considered his claim that the state failed to establish a pattern of conduct:

> {¶ 5} Appellant argues that the act of downloading multiple child pornography files on the same date does not constitute a "course of conduct" for purposes of consecutive sentencing. He argues that a course of conduct is intended to encompass multiple instances, not multiple "objects." He also argues that downloading files of child pornography is akin to drug cases. In drug cases, he asserts, a defendant may be caught

with several bags of drugs but is charged with only a single count of the degree of felony that amount of total drugs would carry.

{¶ 6} The state responds by citing to an Eighth District case where the Court held that multiple downloads of child pornography constituted a course of conduct. See *State v. Duhamel*, 8th Dist. No. 102346, 2015–Ohio–3145. Because Appellant possessed fifty-one videos and ninety-seven photographs that depicted child pornography, and the files contained search terms and file names that connoted child pornography, pursuant to *Duhamel* Appellant's behavior demonstrates a course of conduct. As to Appellant's attempt to compare pornography charges and drug cases, the state explains that while a defendant in Appellant's hypothetical would be charged with one count of possession of drugs, the sentence imposed is enhanced based on the amount of drugs possessed.

{¶ 7} Pursuant to R.C. 2929.14(C)(4), before a trial court can impose consecutive sentences on a defendant, the court must find:

> [T]hat the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} A trial court judge must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. No. 13 MA 125, 2015–Ohio–4100, 43 N.E.3d 797, ¶ 34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 37. The court need not state reasons to support its finding nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *Id*. citing *State v. Jones*, 7th Dist. No. 13 MA 101, 2014–Ohio–2248, ¶ 6; *State v. Verity*, 7th Dist. No. 12 MA 139, 2013–Ohio–1158, ¶ 28–29.

{¶ 9} The crux of this matter is whether Appellant's actions constituted a course of conduct. We recently decided a case involving a very similar matter, *State v. Lucicosky*, 7th Dist. No. 16 MA 0112, 2017–Ohio–2960, ——N.E.3d ——. In *Lucicosky*, *supra*, the

appellant was charged with multiple counts of pandering after multiple videos and images depicting child pornography were found on his computer. The appellant in *Lucicosky* also argued that child pornography cases were akin to drug cases. We rejected this argument for several reasons, chief among them that the drug possession statute is not written in the same manner as the pandering statute. *Id*. at ¶ 14.

{¶ 10} We also rejected the argument that multiple images and videos uploaded on the same day do not show a course of conduct on the part of a defendant. We acknowledge that the facts in this case slightly differ from those in *Lucicosky*. In *Lucicosky*, the appellant admittedly made the videos and images available for others to download through a shared folder. Here, although the files were stored in a shared folder, there is no evidence that these files were actually shared. Regardless, *Lucicosky* applies because we held that downloading multiple files of pornography involving multiple child victims does constitute a course of conduct.

{¶ 11} In this case, Appellant obtained ninety-seven files of child pornography and, as evidenced by the file names, the victims consisted of at least four different children from the age of twelve to as young as the age of two. As the *Duhamel* Court stated, "[e]very video or image of child pornography on the internet constitutes a permanent record of that particular child's sexual abuse. The harm caused by these videos is exacerbated by their circulation." *Id*. at ¶ 54. Images depicting rape or abuse are far more harmful than solitary photographs of nude children. *Id*. at ¶ 55.

{¶ 12} We note that Appellant claimed at oral argument that he obtained these ninety-seven files by a single push of a download button. As Appellant did not attempt to raise this argument before the trial court, there is no evidence in the record to support his assertion. Regardless, even if these files were obtained by means of a mass download, it is clear that his intent was to collect multiple files. While modern technology makes it easier for a person to obtain numerous files at once, the fact remains that Appellant received ninety-seven files containing child pornography. Importantly, Appellant pleaded guilty to fifteen separate counts of pandering. Because he pleaded guilty to several separate counts, he cannot now argue that his behavior did not give rise to those separate counts.

{¶ 13} Accordingly, Appellant's argument is without merit and his first assignment of error is overruled.

*Bosley*, 2017 WL 4082803, at *1-3.

Bosley asserts, "My single button depressing was not a 'course of conduct'" and argues that the Ohio Court of Appeals erred when it relied on *State v. Lucicosky*.  Doc. 12, pp. 6-7.  He distinguishes his case from *Lucicosky*, explaining that, unlike in that case, Bosley did not know he was downloading child pornography, he did not know how many files would be downloaded,

and he never shared any files.  Doc. 12, p. 7.  The Ohio Court of Appeals recognized that the defendant in *Lucicosky* made the files available for sharing, unlike Bosley, but held that the difference was not material to the issue: Bosley still downloaded videos and images of child pornography which depicted multiple child victims.

More importantly, Bosley does not show that the Ohio Court of Appeals' determination—that Bosley's single download was a "course of conduct" because his intent was to collect multiple files (with multiple victims)—was contrary to or an unreasonable application of United States Supreme Court precedent, as he is required to do to prevail in federal court on a habeas petition.  28 U.S.C. § 2254(d)(1).  For the Ohio Court of Appeals' decision in Bosley's case to be "contrary to" a Supreme Court holding, there must be a Supreme Court case that "confronts the specific question presented by this case." *Woods v. Donald*, 135 S.Ct. 1372, 1377 (2015) (internal quotation marks and citation omitted) (explaining that, because the Supreme Court had never decided the specific question in that case, the Sixth Circuit erred in finding that the state court of appeals' decision was contrary to a Supreme Court holding).  Bosley does not identify a Supreme Court case that has addressed the specific issue in this case and the undersigned is not aware of such a case.  Nor does Bosley demonstrate that the state Court of Appeals' decision unreasonably applied clearly established federal law: "[W]here the precise contours of [a] right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Woods*, 135 S.Ct. at 1377 (citing *White v. Woodall*, 134 S.Ct. 1697, 1705 (2014) (internal quotation marks and citations omitted)).  Moreover, the "[the Sixth Circuit] ha[s] repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (6th Cir. 2005).  Thus, it cannot be said that the Ohio Court of Appeals' decision in Bosley's case "was so lacking in justification that there was an error well understood

and comprehended in existing law beyond any possibility for fair-minded disagreement."

*Harrington*, 562 U.S. at 103.

Bosley's ground fails on the merits.

### b. Bosley's new arguments are not cognizable and are procedurally defaulted

In his Traverse, Bosley argues, for the first time, that his sentence violates his Eighth

Amendment right to be free from cruel and unusual punishment. Doc. 12, p. 2. This argument is

procedurally defaulted; not only did Bosley not raise an Eighth Amendment claim in the state

courts, he did not raise an Eighth Amendment claim in his Petition. See Doc. 1, p. 5 (stating that

the sentencing scheme was contrary to equal protection of the law and against due process);

*Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (an issue raised for the first time in a traverse

is not properly before the court).

Bosley argues that his Due Process and Equal Protection rights were violated because

others who were convicted of pandering received different, shorter, sentences. Doc. 12, pp. 2-5.

In support, he relies on R.C. § 2929.11, which provides that a sentence, among other things, "be

consistent with sentences imposed for similar crimes committed by similar offenders." Doc. 12,

p. 3. He also cites cases in which he asserts that defendants were given shorter sentences for the

same charges (or more serious charges) than he was given. Doc. 12, pp. 4-5. This argument is

not cognizable, because it alleges a violation of Ohio law, and is procedurally defaulted, because

Bosley never raised it in state court. Moreover, Bosley does not allege that he was sentenced to

more than the maximum sentence; in fact, he was sentenced to less than the maximum sentence

and less time than the state recommended in the plea agreement that he signed. Doc. 10-1, pp.

15-17, 21.

Bosley also complains that the Ohio Court of Appeals "would not accept my statement

12

that the downloaded was the result of a single push of the download button" and, in not accepting his statement, the court essentially required him to prove his innocence, rather than the state proving its case.  Doc. 12, p. 7.  To the extent Bosley is contesting his conviction, that argument is foreclosed by his guilty plea.  To the extent he is contesting the Court of Appeals' determination, he is incorrect.  The Ohio Court of Appeals observed that, even if Bosley did obtain the images via mass download, it would not change its determination that he acted with a pattern of conduct, i.e., they credited his statement.  *Bosley*, 2017 WL 4082803, at *3. Moreover, as the Ohio Court of Appeals noted, Bosley pleaded guilty to 15 counts of pandering obscenity involving a minor and pandering sexually oriented matter involving a minor; he conceded his guilt to multiple counts when he did so.

In sum, Bosley's sole ground in his Petition is not cognizable, procedurally defaulted, and fails on the merits.

### III. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Bosley's habeas Petition be **DENIED**.

Dated: June 24, 2019

*/s/ Kathleen B. Burke*
_____
Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).